22-861(L)
*United States v. Mangano*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GERARD E. LYNCH,
> BETH ROBINSON,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                22-861(Lead), 22-937(Con)

LINDA MANGANO, EDWARD MANGANO,

*Defendants-Appellants*.

_____

| | |
|---|---|
| For Appellee: | CATHERINE M. MIRABILE, Assistant United States Attorney (Christopher C. Caffarone, Amy Busa, David C. James, Assistant United States Attorneys, *on the brief*), *for* John J. Durham, United States Attorney for the Eastern District of New York, Central Islip, NY. |
| For Defendants-Appellants: | MORRIS J. FODEMAN (Jessica R. Lonergan, Alexander L. Luhring, *on the brief*), Wilson Sonsini Goodrich & |

Rosati, P.C., New York, NY; Paul N. Harold (Kelsey J. Curtis, *on the brief*), Wilson Sonsini, Goodrich & Rosati, P.C., Washington, D.C.; FRED A. ROWLEY, JR. (*on the brief*), Wilson Sonsini Goodrich & Rosati, P.C., Los Angeles, CA, *for Edward Mangano*.

BRADLEY D. SIMON (Michael A. Brodlieb, John Moore, *on the brief*), Schlam Stone & Dolan LLP, New York, NY, *for Linda Mangano*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, for the reasons set forth in the separate opinion issued today, the judgment of the district court convicting Edward Mangano, following a jury trial, is **REVERSED** in part as to his conviction for federal programs bribery and conspiracy to commit federal programs bribery. The judgments as to both Edward Mangano and Linda Mangano are otherwise **AFFIRMED**, and the matter **REMANDED** for further proceedings consistent with this summary order and that separate opinion.

Defendant-Appellant Edward Mangano ("Mangano"), the former County Executive of Nassau County, New York, appeals from the judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*), convicting him, following a jury trial, of various public corruption offenses, including federal programs bribery, honest services fraud, and obstruction of justice. 18 U.S.C. §§ 1346, 1349, 666(a)(1)(B). He also appeals from the district court's denial of both his Rule 29 motion for a judgment of acquittal with respect to several counts on statute of limitations grounds and his Rule 33 motion for a new trial based on allegations of prosecutorial misconduct and newly discovered evidence. Mangano's co-defendant and wife, Linda Mangano ("L. Mangano"), appeals from the district court judgment convicting her, following the same jury

trial as Mangano's, of obstruction of justice in violation of 18 U.S.C. § 1512(c)(2) and of making false statements to federal officials in violation of 18 U.S.C. § 1001. Both Defendants-Appellants also challenge the sentences that resulted from their convictions.[1]

In a separate opinion issued today, we address the Manganos' arguments as to their convictions related to federal programs bribery, honest services fraud, obstruction of justice, and false statements. In this summary order, we address Mangano's appeal of the district court's denial of his post-trial motions, as well as L. Mangano's sentencing appeal.[2] We assume the parties' familiarity with the facts and procedural history of this case, which are set forth more fully in this order's companion opinion and only repeated here as necessary.

## I. Alleged Prosecutorial Misconduct

Mangano argues that the government committed reversible misconduct when, during its rebuttal summation, it allegedly made *ad hominem* attacks on Mangano's attorney and improperly suggested that the defense had a burden of proof. We disagree.

To reverse a jury's guilty verdict for prosecutorial misconduct, "the misconduct alleged must be so severe and significant as to result in the denial of [a defendant's] right to a fair trial." *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir. 1993). "It is a 'rare case' in which improper

---

[1] We note that L. Mangano was released from custody before oral argument, but she is still serving a term of supervised release. In the circumstances of this appeal, in which she challenges both her conviction and sentence, her continued stake in the outcome is such that the matter is not moot. *See United States v. Blackburn*, 461 F.3d 259, 261–62 (2d Cir. 2006).

[2] Mangano raises substantive and procedural challenges to his sentence. Because we conclude in the companion opinion filed today that his convictions on Counts One and Two must be reversed, we decline to consider these arguments. *See United States v. Rigas*, 583 F.3d 108, 116 (2d Cir. 2009) ("[W]here a count of a conviction is overturned—as opposed to an aspect of a sentence—resentencing must be *de novo*."); *United States v. Mahaffy*, 693 F.3d 113, 136 (2d Cir. 2012) (declining to consider sentencing arguments as moot due to reversal of honest services fraud conviction).

3

comments in a prosecutor's summation are so prejudicial that a new trial is required." *United States v. Rodriguez*, 968 F.2d 130, 142 (2d Cir. 1992) (quoting *Floyd v. Meachum*, 907 F.2d 347, 348 (2d Cir. 1990)). "[T]he Court must consider the probable effect the prosecutor's response would have on the jury's ability to judge the evidence fairly. In this context, defense counsel's conduct, as well as the nature of the prosecutor's response, is relevant." *United States v. Young*, 470 U.S. 1, 12 (1985). "Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *Id.* at 11. To determine whether a prosecutor's misconduct caused the required prejudice, we consider "the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper statements." *United States v. Biasucci*, 786 F.2d 504, 514 (2d Cir. 1986).

Mangano has two arguments here, both meritless. First, he says the prosecutor improperly attacked his counsel, requiring reversal of the jury verdict, when, during rebuttal, the prosecutor said defense counsel was "crafty" and "has a job to do," *i.e.*, "to think of arguments to make to you," because "[t]hat's what he gets paid for." A-2331. Second, Mangano claims the prosecution inappropriately suggested that the defense had a burden of proof. *See* A-2339–40 ("[Mangano's counsel] asked a lot of questions . . . . [y]ou know what is revealing? The question he didn't ask."). According to Mangano, the first set of remarks constituted an improper personal attack on defense counsel; the second impropriety follows from case law that has found "improper" the suggestion that "the defendant had some obligation to make a case of his own." *United States v. Walker*, 835 F.2d 983, 989 (2d Cir. 1987).

We disagree that the challenged remarks here amounted to prosecutorial misconduct. First, contrary to Mangano's argument on appeal, prosecutors did not engage in severe ad hominem

4

attacks on Mangano's attorney. As to the "crafty" remark, this court has held that the government may describe defense tactics as "ridiculous," "distractions," "smoke screens," "distortions," and "game-playing" where the descriptions were an attempt "to focus the jury's attention upon the evidence and away from defense counsel's claims." *United States v. Rivera*, 971 F.2d 876, 883-84 (2d Cir. 1992). We have also found it acceptable for the government to argue that defense counsel was "grasp[ing] at straws" and "attempt[ing] to take [the jury's] eyes off the ball." *See United States v. Williams*, 690 F.3d 70, 75 (2d Cir. 2012). Even if we were to agree that the statements in this case were inappropriate, and we do not, they were plainly not severe enough to merit reversal.

Second, our careful review of the summation assures us that the government did not attempt to shift the burden of proof. "It is established that the government may comment on a defendant's failure to call witnesses to support his factual theories." *United States v. Bautista*, 23 F.3d 726, 733 (2d Cir. 1994). Likewise, "[t]he government is free to comment on the failure of defendant to refute government evidence or to support his own claims." *United States v. Aquart*, 912 F.3d 1, 29 (2d Cir. 2018) (quoting *United States v. Salameh*, 152 F.3d 88, 136 (2d Cir. 1998)). And the government is free to respond to defense arguments. *United States v. Pitre*, 960 F.2d 1112, 1124 (2d Cir. 1992). When viewed within the rhetoric of the prosecution's broader closing arguments, highlighting "the questions that Mangano didn't ask" did not amount to misconduct at all. Indeed, the prosecution explicitly stated to the jury that "defendants never ever have to put on a defense" because "[t]he burden of proof is always with" the government. A-2351. We therefore reject Mangano's bid for reversal based on alleged prosecutorial misconduct.

5

## II. Motion for New Trial Based on New Evidence

Mangano next claims that a key witness against him committed perjury such that a new trial is required in the interest of justice. His claim is based on a post-trial deposition in an unrelated civil case brought by Harendra Singh ("Singh")—the man who pleaded guilty to bribing Mangano in exchange for his official acts regarding a scheme to obtain loan guarantees from the Town of Oyster Bay ("Town"), and who testified at length at Mangano's trial. At the deposition, Singh claimed that he pled guilty to bribing Mangano for "county" actions that "had nothing to do with the Town of Oyster Bay." A-2590. According to Mangano, this testimony so contradicts Singh's trial testimony that its admission would probably have led to an acquittal.

Rule 33 provides that a court may vacate any judgment and grant a new trial if the interests of justice so require. Fed. R. Crim. P. 33(a). This authority may be exercised only "sparingly and in the most extraordinary circumstances," in cases of "real concern that an innocent person may have been convicted." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (internal quotation marks omitted). Generally, "'[n]ewly discovered evidence supports the grant of a new trial only if the defendant demonstrates,' *inter alia*, 'that the evidence is so material and noncumulative that its admission would probably lead to an acquittal.'" *United States v. Jones*, 965 F.3d 149, 164 (2d Cir. 2020) (quoting *United States v. Parkes*, 497 F.3d 220, 233 (2d Cir. 2007) (additional quotation marks omitted)). This "probability" standard is a "higher standard" than the "reasonable probability" standard that applies to claims of ineffective assistance of counsel. *United States v. Serna*, 799 F.2d 842, 848 (2d Cir. 1986), *abrogated on other grounds by United States v. DiNapoli*, 8 F.3d 909 (2d Cir. 1993); *see also Strickland v. Washington*, 466 U.S. 668, 693–94 (1984) (contrasting the "high standard for newly discovered evidence claims" with the "reasonable probability" standard). Moreover, the defendant must "make a threshold showing that [the witness] in fact

6

willfully testified falsely and that the falsehoods were not known to [the defendant] at the time of trial." *Aquart*, 912 F.3d at 20.

We are not persuaded that Singh's statements in an unrelated deposition would have probably led to Mangano's acquittal. Reviewing the district court's decision to deny Mangano's Rule 33 motion for abuse of discretion, *see United States v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009), we discern no reason to disturb its conclusion that Singh did not commit perjury during trial. The record shows that, at the relevant deposition, Singh equivocated when suggesting that the bribes he paid to Mangano "had nothing to do with [the Town]," A-2590. He later vigorously repudiated this statement, under oath, in front of the district court, and "clearly affirmed his trial testimony concerning the [Town] loan guarantee[s]." *Mangano*, 2022 WL 65775, at *62.

In *United States v. Lespier*, 266 F. App'x 5, 7 (2d Cir. 2008), we affirmed the denial of a Rule 33 motion where, as here, a witness recanted his trial testimony but repudiated that recantation at a subsequent hearing. In that case, the district court found that the defendant "failed to meet his burden of proving that the [witness's] trial testimony was false," and we refused to disturb that judgment on appeal. *Id.*; *see also United States v. DiPaolo*, 835 F.2d 46, 50-51 (2d Cir. 1987). Here, the district court determined that "[t]he overwhelming evidence shows that [Singh] did not commit perjury in his testimony about the [Town] Loan Scheme, which . . . was strongly corroborated by other evidence at trial." *Mangano*, 2022 WL 65775, at *63. We agree with the extensive reasoning that the district court provided in its decision denying Mangano's Rule 33 motion, and we therefore affirm that decision.

**III.     Sentencing**

L. Mangano challenges the procedural reasonableness of her sentence. "We review sentences 'under a deferential abuse-of-discretion standard.'" *United States v. Young*, 811 F.3d 592,

7

598 (2d Cir. 2016) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Ulbricht*, 858 F.3d 71, 124 (2d Cir. 2017) (internal quotation marks omitted), *overruled on other grounds by Carpenter v. United States*, 585 U.S. 296 (2018).

L. Mangano contends that, when calculating the sentencing guidelines range applicable to her sentence, the district court improperly applied a sentencing enhancement for "substantial interference with the administration of justice." *See* U.S.S.G. § 2J1.2(b)(2). According to the relevant commentary, this enhancement applies when*, inter alia*, a defendant causes "the unnecessary expenditure of substantial governmental or court resources." *Id.* § 2J1.2, cmt. 1. The district court concluded that the enhancement should apply to L. Mangano's sentence because her actions caused the government to conduct additional investigations and to call an additional 14 witnesses at trial. JA-2599–2600.

We conclude that the district court properly calculated the relevant sentencing range for L. Mangano's crimes. This court has "held that offenses that prevent or substantially interfere with 'proper legal proceedings' qualify for the [relevant] enhancement." *United States v. Escalera*, 957 F.3d 122, 139 (2d Cir. 2020) (quoting *United States v. Amer*, 110 F.3d 873, 885 (2d Cir. 1997)). All that is required is a specific finding that the defendant's conduct resulted in an unnecessary expense of substantial resources, *United States v. Jones*, 900 F.2d 512, 522 (2d Cir. 1990), which the district court made in this case, JA-2623 (noting that L. Mangano's conduct "bled government resources"); DE 464 at 6–7 (chart). The Government's brief on appeal highlights at least six witnesses it was required to call to disprove the specific lies that Linda told after having been

8

subpoenaed for her testimony.  Thus, the district court's finding was amply supported by the record evidence and was not clearly erroneous.

*     *     *

We have considered Mangano and L. Mangano's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court